UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VICTOR BARNES, II, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-140 |
| | § | |
| GRACIA MEXICAN KITCHEN, LLC, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

# **ORDER ADOPTING MEMORANDUM AND RECOMMENDATION ON MOTIONS TO DISMISS**

Plaintiffs Victor Barnes II and Shawn McBride (collectively, "Plaintiffs") filed this collective action primarily under the Fair Labor Standards Act (FLSA) against Defendants Gracia Mexican Kitchen, LLC (Gracia), Matthew L. Hoeg (Hoeg), Brian Smith (Smith), David Martinez (Martinez) and Pasta Company Ltd. (Pasta Company) as their joint employers. D.E. 1. Defendants filed motions to dismiss[1] pursuant to Federal Rule of Civil Procedure 12(b)(6). On December 4, 2018, Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 44) recommending that Defendant Smith's motions to dismiss be granted and the remaining Defendants' motions to dismiss be denied. Defendant Hoeg filed a timely objection (D.E. 50), which is addressed below.

Defendant Hoeg objects to the M&R, arguing that Plaintiffs' formulaic and conclusory allegations fail to state that he is liable under the FLSA as an employer. He

---

[1] Hoeg and Smith's motion to dismiss (D.E. 34); Martinez's motion to dismiss (D.E. 35); Pasta Company's motion to dismiss (D.E. 36); and Gracia's motion to dismiss (D.E. 37).

1 / 3

claims that the allegation that he fired four employees is "too conclusory" to be entitled to an assumption of truth under a 12(b)(6) review. He also asserts that the allegations that he and Defendant Martinez promoted Plaintiff Barnes, increased his pay, and instructed him not to hire or fire other employees do not show that Hoeg personally had operating control. He also argues that the allegations do not suggest that he had any involvement in the alleged FLSA violations.

Defendant Hoeg's arguments go to the merits or truth of Plaintiffs' allegations and are not relevant at this stage of the inquiry. After accepting all well-pleaded facts as true, courts determine whether they plausibly give rise to an entitlement of relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Applying the economic reality test to the allegations against Defendant Hoeg, Plaintiffs have pled sufficient facts to state a viable claim under the FLSA. *See Watson v. Graves,* 909 F.2d 1549, 1553 (5th Cir. 1990) (inquiring whether the alleged employer had the power to hire and fire employees, supervise and control employee work schedules or conditions of employment, determine the rate and method of payment, and maintain employment records); *see also Orozco v. Plackis,* 757 F.3d 445, 449 (5th Cir. 2014) (holding that each element of the economic reality test need not be present).

Defendant Hoeg cites to *Gray v. Powers,* 673 F.3d 352, 355 (5th Cir. 2012) to argue that a joint decision between co-owners "proves nothing" about whether one is an employer. However, Plaintiffs do not solely allege that Defendants collectively made joint decisions to support their claims, but assert specific facts that reasonably infer that

Hoeg had the necessary control over Plaintiffs' work conditions. Thus, Defendant Hoeg's objection is OVERRULED.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 44), as well as Defendant Hoeg's objection (D.E. 50), and all other relevant documents in the record, and having made a de novo disposition of the objected-to portions of the Magistrate Judge's M&R, the Court ADOPTS the findings and conclusions of the Magistrate Judge granting Defendant Smith's motion to dismiss and denying the remaining Defendants' motions to dismiss. Accordingly, Defendant Hoeg and Smith's motion to dismiss (D.E. 34) is partially granted as to Smith only and denied as to Hoeg. The motions to dismiss as to Defendants Martinez (D.E. 35), Pasta Company (D.E. 36), and Gracia (D.E. 37) are DENIED.

ORDERED this 18th day of March, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE