Case 2:18-cv-00140   Document 98   Filed on 07/10/19 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
July 10, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VICTOR BARNES, II, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-140 |
| | § | |
| GRACIA MEXICAN KITCHEN, LLC, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## ON DEFENDANTS' MOTIONS TO DISMISS

Plaintiffs, former restaurant employees, filed this Fair Labor Standards Act ("FLSA") collective action for unpaid wages and overtime pay against six Defendants, Gracia Mexican Kitchen, LLC ("Gracia"), Pasta Company, Ltd. ("Pasta"), Matthew Hoeg ("Hoeg"), Brian Smith ("Smith"), David Martinez ("Martinez") and Adrian Hembree ("Hembree") (Collectively "Defendants"), alleging Defendants are their joint employers. (D.E. 51). This matter has been referred to the undersigned Magistrate Judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636. (D.E. 27).

On December 4, 2018, the undersigned entered a Memorandum and Recommendation ("M & R") recommending Plaintiffs had pled sufficient facts to state viable claims against Defendants Hoeg, Martinez, Pasta and Gracia but not Defendant Smith. (D.E. 44). Plaintiffs were given leave to amend their complaint, which they did

on December 18, 2018, adding Adrian Hembree as a Defendant as well as additional allegations. (D.E. 51). On January 2, 2019, Defendants Hoeg and Smith filed the pending Motion to Dismiss. (D.E. 58). Subsequently, Plaintiffs filed a Response to which Defendants' replied. (D.E. 64 and D.E. 70). On January 28, 2019, Defendant Hembree filed a Motion to Dismiss, to which Plaintiffs responded and Defendant Hembree replied. (D.E. 67, D.E. 71 and D.E. 75).

On March 18, 2019, the Honorable Nelva Gonzales Ramos entered an order adopting the December 4, 2018 M & R, finding the original complaint pled sufficient facts to state a viable claim under the FLSA against all Defendants, with the exception of Defendant Smith. (D.E. 79).[1] For the reasons stated below, the undersigned recommends Defendants' Motions to Dismiss be **DENIED**. (D.E. 58 and D.E. 67).

### I.    12(b)(6) MOTION STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face" and must plead those facts with enough specificity "to raise a right to relief above the speculative level, on the assumption that all

---

[1] Defendant Hembree was not named as a Defendant until the Amended Complaint was filed on December 18, 2018, after the December 4, 2018 M & R. (D.E. 44 and D.E. 51).

the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations" to be entitled to the assumption of truth. *Id*. at 679 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). Under Rule 8(a)(2), plaintiffs are not required to include "detailed factual allegations," but at the same time "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" is needed. *Iqbal*, 556 U.S. at 678. "To survive a Rule 12(b)(6) motion to dismiss, the complaint 'does not need detailed factual allegations,' but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, 'raise a right to relief

above the speculative level.'" *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) (citing *Twombly*, 550 U.S. at 555).

## II.   "EMPLOYER" UNDER THE FLSA

Defendants, in both Motions to Dismiss, argue Plaintiffs have failed to adequately plead that each were "employed" by them. "Employer" is defined by the FLSA to mean "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); *Lee v. Coahoma Cnty.*, 937 F.2d 220, 226 (5th Cir. 1991). Interpreted expansively, the "term employer includes individuals with managerial responsibilities and 'substantial control over the terms and conditions of the [employee's] work.'" *Id*. at 226 (citation omitted). While "merely being an officer or shareholder" will not subject an individual to FLSA liability, "employer status may be appropriate where operational control coincides with one's position as a shareholder, officer, or owner." *Gray v. Powers*, 673 F.3d 352, 355-56 (5th Cir. 2012).

The Fifth Circuit uses the "economic reality" test to evaluate whether a person possesses such operational control with respect to the employment relationship. *Id*. at 355-57. The Court should consider whether the alleged employer: (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Id*. at 355 (citation omitted). Where there may be more than one employer, courts "must apply the economic realties test to each individual or entity alleged to be an employer and each must satisfy the four part test." *Id*. at 355 (citation omitted). "While each element need not be present in every case," the

person must have control over at least some aspects of the employment relationship as "finding employer status when none of the factors is present would make the test meaningless." *Gray*, 673 F.3d at 357 ("While the Fifth Circuit 'has on several occasions found employment status even though the defendant-employer had no control over certain aspects of the relationship,' it does not follow that someone who does not control any aspect of the employment relationship is an employer.") (citation omitted).

### III. ANALYSIS

As this Court has now decided the original complaint pled sufficient facts to state a viable claim under the FLSA against Defendant Hoeg, the undersigned recommends the amended complaint, which contains additional allegations, is also sufficient as to Defendant Hoeg. (D.E. 79). Considering the pending Motions, applying the economic reality test, the undersigned recommends the allegations in the Complaint are sufficient to support Plaintiffs' contention that Defendants Hoeg, Smith and Hembree were joint employers. In the Complaint, relevant to the issue of joint employers, Plaintiffs assert Defendants Hoeg, Smith, and Hembree, as well as Martinez, are Managing Members of Defendant Gracia. (D.E. 51, Page 5). Plaintiffs also allege, relevant to Defendants Hoeg, Smith and Hembree:

> Defendants are joint employers pursuant to 29 C.F.R. § 791.2. Defendants directly or indirectly hired Plaintiffs and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.
>
> Specifically, Defendants Hoeg and Smith directed that salaried employees should not be paid on days they did not work. Defendants Hoeg, Smith, and Hembree also controlled the bank account used to pay employees and

directed and approved when the third-party payroll company, Paychex, should or should not pay Plaintiffs and Putative Class Members.

Defendants maintained control, oversight, and direction over Plaintiffs and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

Specifically, Defendants Hoeg, Smith and Hembree controlled and created the compensation policies for Plaintiffs and the Putative Class Members.

Further, Defendants Hoeg, Smith, and Hembree directly controlled the restaurant's funds.  When the restaurant closed, Defendants Hoeg, Smith, and Hembree withdrew all the available funds for their personal enrichment rather than using the funds to pay Plaintiffs and the Putative Class Members the wages and overtime compensation due to them for work already performed.

Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of the respective Defendants and/or their clients.

Moreover, all Defendants have the power to hire and fire Plaintiffs and the Putative Class Members; supervise and control Plaintiffs and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

Specifically, Defendant Hoeg personally fired 4 employees because they did not attend a company meeting.

Further, Defendant Hembree personally hired Andrew Howell as the General Manager of Gracia.  Defendant Hembree also hired other employees and was involved in the day to day operations of the restaurant.

Specifically, Defendants Martinez and Hoeg promoted Plaintiff Barnes from head server to server trainer and increased his pay from $5.00 per hour to $7.25 per hour.

As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

> Specifically, Plaintiff Barnes was told by Defendant Hoeg and Martinez that he was not allowed to hire or fire other employees.

(D.E. 51, Pages 4-8).

Upon review of these pleadings, the undersigned recommends, as to Defendants Hoeg, Smith and Hembree, Plaintiffs have addressed at least some of the economic reality factors. *Gray*, 673 F.3d at 357 (Each element need not be present but a person must have some operational control over the employment relationship). The allegations include that Defendants Hoeg and Smith directed when certain employees were not to be paid and Defendants Hoeg, Smith and Hembree controlled and created the restaurant's compensation policies and approved payroll. Defendants Hoeg, Smith and Hembree directly controlled the restaurants funds and withdrew all available funds when the restaurant closed. Defendant Hoeg fired four employees because they did not attend a company meeting and Defendant Hembree hired several employees. Accepting all well-pleaded facts as true and applying the economic reality test to the allegations against Defendants Hoeg, Smith and Hembree, Plaintiffs have pled sufficient facts to state viable claims. Plaintiffs do not solely allege Defendants collectively made joint decisions to support their claims, but assert specific facts that support a reasonable inference Hoeg, Smith and Hembree had the necessary control over Plaintiffs' work conditions.

Plaintiffs alternatively request the Court use its discretion and grant them leave to amend their complaint pursuant to Federal Rule of Civil Procedure 15. In deciding whether to grant leave to file an amended pleading, the Court "should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Am. Intern. Refinery, Inc.*, 676 F.3d 455, 466 (5th Cir. 2012) (citation omitted). As the undersigned recommends Plaintiffs have sufficiently asserted claims against Defendants Hoeg, Smith and Hembree, the undersigned recommends the issue of leave to amend is moot. However, should the Court decide otherwise, the undersigned notes the deadline for amendment of pleadings, July 1, 2019, has now passed. (D.E. 68). Further, Plaintiffs were previously given leave to amend their pleading in response to previously filed motions to dismiss and thereafter, did amend their pleading. Allowing Plaintiffs to continuously amend their complaint in response to motions to dismiss is not the most expeditious way to address their claims. Therefore, the undersigned recommends the Court, if it determines the current pleading is insufficient, deny Plaintiffs' motion for leave to amend.

## IV. CONCLUSION

For the reasons stated below, the undersigned recommends Defendants' Motions to Dismiss be **DENIED**. (D.E. 58 and D.E. 67).

ORDERED this 10th day of July, 2019.

_Jason Libby_
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).