UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VICTOR BARNES, II and SHAWN MCBRIDE, Individually and on behalf of of all others similarly situated | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 2:18-CV-140 |
| v. | § § | |
| GRACIA MEXICAN KITCHEN, LLC, MATTHEW L. HOEG, DAVID MARTINEZ, ADRIAN HEMBREE, and PASTA COMPANY, Ltd. | § § § § § | JURY TRIAL DEMANDED |
| *Defendants.* | § | COLLECTIVE ACTION |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT AND DISMISSAL WITH PREJUDICE**

**TO THE HONORABLE DAVID S. MORALES:**

Plaintiffs Victor Barnes, II and Shawn McBride, individually and as the authorized representatives for the Opt-In Plaintiffs in this collective action (collectively, "Plaintiffs"), and Defendants Gracia Mexican Kitchen, LLC, Matthew L. Hoeg[1], Brian Smith[2], David Martinez, Adrian Hembree[3], and Pasta Company, Ltd. (collectively, "Defendants") (collectively, the "Parties"), file this Joint Motion for Approval ("Motion") of Settlement Agreement ("Agreement") filed as Exhibit "1" to this Motion, asking that the Court: (1) approve the Parties' Agreement as expressed therein, filed

---

[1] Matthew L. Hoeg has agreed to the form and content of the Agreement and a signed copy will be filed with this Court upon its receipt.

[2] Brian Smith has agreed to the form and content of the Agreement and a signed copy will be filed with this Court upon its receipt.

[3] Adrian Hembree has agreed to the form and content of the Agreement and a signed copy will be filed with this Court upon its receipt.

as Exhibit 1; and (2) dismiss this Lawsuit with Prejudice in a public filing. The Parties respectfully state as follows in support of this Motion:

# I.
# FACTUAL BACKGROUND

On May 16, 2018, Plaintiffs filed suit, individually and on behalf of all others similarly situated, against Defendants for the alleged failure to pay minimum wage for all hours worked and overtime compensation for hours worked over 40 in a workweek, in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201–19, and Texas common law. *See* ECF No. 1. Plaintiffs alleged that they were not paid at least the minimum wage, that they were not paid overtime when they worked more than forty hours in a week, and that they were denied their final weeks' wages. *See id.* Defendants Matthew L. Hoeg ("Hoeg") and Brian Smith ("Smith") filed their answer on June 21, 2018 denying all allegations and liability and moving to dismiss the allegations against them. *See* ECF No. 10. Defendant David Martinez ("Martinez") filed his answer on June 25, 2018 denying all allegations and liability and moving to dismiss the allegations against him. *See* ECF No. 12. Defendants Pasta Company, Ltd. ("Pasta") and Gracia Mexican Kitchen, LLC ("Gracia") filed their answers on July 13, 2018 denying all allegations and liability and moving to dismiss the allegations against them. *See* ECF Nos. 14 and 15.

On November 21, 2018, Plaintiffs filed their motion to conditionally certify this case as a collective action pursuant to 29 U.S.C. § 216(b). *See* ECF No. 42. On December 4, 2018, Defendants' motions to dismiss were denied, except for Defendant Smith, and Plaintiffs were allowed to amend their complaint. *See* ECF No. 44. On December 18, 2018, Plaintiffs filed their First Amended Complaint and added Adrian Hembree ("Hembree") as a named Defendant. *See* ECF No. 51. After oral argument, this Court granted conditional certification for a class of bartenders and servers but excluded dishwashers. *See* ECF No. 59. On January 2, 2019, Defendants Hoeg and Smith filed their answer to the First Amended Complaint denying all allegations and liability and moving to dismiss the

claims against them contained in the First Amended Complaint. *See* ECF No. 58. On January 28, 2019, Hembree filed his answer to the First Amended Complaint denying all allegations and liability and moving to dismiss the allegations against him. On July 10, 2019, Defendants Hoeg, Smith, and Hembree's motions to dismiss were denied. *See* ECF No. 98.

On September 17, 2019, the Parties filed a joint motion to abate all deadlines and stay the case pending mediation. *See* ECF No. 117. On October 23, 2019, the Parties attended mediation with experienced wage and hour mediator, Bill Lemons. The Parties were unable to reach a resolution at that time.

The Parties engaged in substantial discovery and took the depositions of Plaintiff Barnes, Defendant Martinez, Defendant Hembree, and Defendant Hoeg. On December 9, 2019, the Defendants filed a joint motion to decertify the conditionally certified class. *See* ECF No. 126. On the same day, the Plaintiffs filed a motion for summary judgment as to Defendants Martinez, Hoeg, and Hembree's liability as employers under the FLSA, for minimum wage violations, and for liquidated damages. *See* ECF No. 129. Defendants Hoeg, Smith, and Hembree also filed their own motions for summary judgment on the issue of their individual liability on the same day. *See* ECF Nos. 124, 125, 127. On March 2, 2020, Magistrate Judge Libby issued a memorandum and recommendation that Plaintiffs' motion for summary judgment be granted for Defendant Martinez's liability and on the failure to pay minimum wage. *See* ECF No. 152. Plaintiffs' motion for summary judgment as to liquidated damages and Defendant Hembree and Hoeg's liability was denied. *Id.* Defendants Hoeg and Hembree's motions for summary judgment were denied. *Id.* Defendant Smith's motion for summary judgment was granted. *Id.* The Defendants' motion to decertify was also denied. *Id.*

The Parties engaged in informal settlement negotiations, and after ongoing negotiations over the course of several weeks, the Parties reached a resolution on March 11, 2020. On that same day, the Parties filed a Notice of Settlement with this Court. *See* ECF No. 153. The Agreement provides

3

significant monetary compensation to Plaintiffs and eliminates the risks and expenses both sides would bear should this litigation continue to trial. The Parties believe the settlement, which is memorialized in the Agreement attached hereto as Exhibit 1, is fair and reasonable and should be approved. Therefore, the Parties respectfully request that the Court sign the Proposed Order Approving the Settlement Agreement and Dismissing this Case with Prejudice.

## II.
## THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE

**A.     A Bona Fide Dispute Exists Between the Parties**

Plaintiffs alleged that Defendants violated the FLSA and Texas common law because each of the Defendants was their employer and failed to pay them minimum wage, failed to pay the proper amount of overtime compensation due pursuant to the FLSA, and failed to pay for all hours worked – specifically, their last weeks' wages.  Defendants have denied and continue to deny being employers of Plaintiffs or receiving services provided by Plaintiffs, and have otherwise denied liability, asserted multiple defenses to Plaintiffs' claims, and challenged Plaintiffs' claims about the hours they allegedly worked and the amounts that they should have been paid.

There exists a genuine, bona fide, dispute about all relevant issues in this lawsuit including, *inter alia*, whether the individual Defendants were Plaintiffs' employers, whether the individual Defendants received services provided by Plaintiffs, whether Plaintiffs worked the hours they claim, what and when Plaintiffs were paid, and whether Plaintiffs were paid the proper amounts under the FLSA.  Plaintiffs believe, and assert, based upon their assessment of the records provided, that this Settlement provides them with an amount of money that fairly equates to and compensates them for the amount of unpaid back wages and damages

4

they might be awarded after a trial. Defendants believe, and assert, that Plaintiffs are not entitled to, and would not be awarded any unpaid wages or damages after a trial, but that the amount being paid in this Settlement is an amount that they are willing to pay to avoid further costs, in terms of time, effort and money, of continuing to litigate this lawsuit.

**B.     The Settlement Agreement is Fair and Reasonable**

The Court presiding over an FLSA action may approve a proposed settlement of the action under Section 216(b) after scrutinizing the settlement for fairness. *See Dyson v. Stuart Petro. Testers, Inc.*, No. 1:15-cv-282, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016) ("[T]he Court primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for wages."). Although the class action provision of Federal Rule of Civil Procedure 23 does not apply to collective actions brought pursuant to the FLSA, Rule 23 is similar in that it requires court approval to finalize a class action settlement. *See id.* Therefore, the Rule 23(e) fair and reasonable settlement standard encompasses a fair and reasonable standard under the FLSA. *Id.*

In the Fifth Circuit, district courts are instructed to consider six factors when evaluating a proposed settlement agreement for class actions:

> (1) Whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the state of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Id.* (quoting *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)). "Significant weight is given to the opinion of class counsel concerning whether the settlement is in the best interests of the class and the court is not to substitute its own judgment for that of counsel." *Marcus v. J.C. Penny Co., Inc.*, No. 6:13-cv-736, 2017 WL 6590976, at *3 (E.D. Tex. Dec. 18, 2017) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

Here, the six-factor standard supports approval of the Agreement. Plaintiffs' counsel has extensive experience litigating FLSA claims and there is no fraud or collusion. Wage and hour cases are expensive and time-consuming, and therefore the expense and likely duration of continued litigation favor approval. The Parties engaged in legal research, document review, filed and responded to several motions, data analysis, and performed due diligence before beginning to negotiate a settlement in good faith. The issues pertinent to Plaintiffs' claims and Defendants' defenses were well understood and the Parties recognized that the outcome of litigating the case would be uncertain while the risks of continued litigation would be high. Finally, counsel on both sides support the settlement, as do the Plaintiffs themselves.

1. *The Absence of Fraud or Collusion in the Settlement Favors Approval*

An initial presumption exists that a settlement is fair where counsel for the parties negotiate the settlement at arm's length. *Murillo v. Texas A&M Univ. Sys.*, 921 F. Supp. 443, 445 (S.D. Tex. 1996). Settlement of this litigation was achieved, only after extensive litigation, through both a formal and informal resolution process, and involved multiple offers and counter offers before the Parties agreed on the settlement terms. The Parties took appropriate steps in negotiating the comprehensive Agreement, which includes substantial payment to Plaintiffs and payment for Plaintiffs' attorneys' fees and expenses. There is no indicia of fraud or collusion.

2. *The Complexity, Expense, and Likely Duration of this Case, Were it Not to Settle, Favor Settlement*

The case favors settlement at this stage. Should this case not settle now, the Parties would proceed to a full trial. At trial, the range of recovery available for Plaintiffs could be as little as no recovery or more than $85,000.00 for the entire class. This settlement amounts to a high level of recovery for Plaintiffs of their unpaid back wages, and a separate amount for Plaintiffs' attorneys' fees and costs. Continuing this case could lead to a much worse outcome for Plaintiffs.

3. *The Discovery Taken by the Parties Favors Approval of the Settlement*

The Parties engaged in substantial written discovery and took multiple depositions. Based on the record of reported hours and paid hours, this settlement amounts to a substantial recovery for Plaintiffs of their unpaid back wages. Additionally, the discovery produced shows there is substantial evidence on both sides for the dispositive issue of each defendants' liability as employers under the FLSA.

4. *The Uncertainty of this Litigation Favors Settlement*

The Parties are well aware of the uncertainty associated with litigation. While Plaintiffs are confident in their claims, they also understand that the claims in this case may prove to be unsuccessful at trial, and that collection of any future judgment or award may itself prove problematic. Although Plaintiffs were granted summary judgment on certain damages and the liability of one of the owners, that owner is in a distressed financial position and it is highly unlikely he could cover the damages by himself and would likely have to declare bankruptcy if put in that position alone. The Parties recognize the issue of individual liability under the FLSA for Defendants Hoeg and Hembree is highly complicated and presents a substantial and complex fact question for a jury. Should a jury find for Defendants, it is unlikely Plaintiffs could recover any judgment in their favor from Defendant Martinez alone. Likewise, Defendants understand the risk of litigating the claims at issue and also prefer the certainty of the proposed settlement to the risks and costs associated with continued litigation.

5. *The Available Range of Recovery and the Uncertainty of Damages Favor Settlement*

Plaintiffs allege that they were denied minimum wage, they were not paid for all hours worked, and were not paid overtime compensation for all hours worked over forty (40) hours in a workweek. Plaintiffs further contend that each individual Defendant is personally liable to them as employers under the FLSA. Defendants Hoeg and Hembree vigorously contest that they qualify as employers

7

under the FLSA. The issue of personal liability is dispositive in this case and if won by Defendants it would likely result in little to no actual recovery by Plaintiffs. Similarly, if won by Plaintiffs, Defendants Hoeg and Hembree would be liable for a substantial amount of damages and attorneys' fees and costs. Accordingly, the settlement amounts are well within the available range of recovery, and the uncertainty of the damages favor settlement.

The risk that Defendants would prevail on its defenses also favors settlement, especially in this case where the settlement represents a substantial recovery for Plaintiffs. On the other hand, settlement is equally in Defendants' best interest because the costs of proceeding through trial on the merits are excessive considering the amount of damages at issue. Further, should Plaintiffs prevail on their claims, Defendants would be liable not only for their own costs through trial, but also for the substantial fees and costs of Plaintiffs' counsel. Accordingly, the Parties agree that this settlement is in their best interest.

6. *The Opinions of All Parties and Counsel Favor Settlement*

The lawyers of Anderson Alexander, PLLC have litigated more than 300 individual, collective, and class action wage and hour cases of all types, and have recovered millions of dollars in these cases on behalf of workers across the United States. Based on this experience, Plaintiffs' counsel can confidently report to the Court that this prong is met. After intense settlement negotiations, an arms-length settlement was reached that, in the view of Plaintiffs' counsel, affords the Plaintiffs with significant and meaningful financial benefits and provides a certainty for payment. Plaintiffs have signed the attached Agreement and affirmatively ask this Court to approve it.

Further, Defendants, upon the advice of their counsel, agree that this settlement is in their best interest and seeks approval of the Agreement.

# III.
# PRAYER

For these reasons, the Parties respectfully request that the Court review the Agreement attached as Exhibit 1; approve the Agreement as a fair and reasonable compromise, and dismiss the Lawsuit with Prejudice as to Plaintiffs and Defendants.

Date: May 13, 2020

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

*/s/ Clif Alexander*
**Clif Alexander**
Fed. ID #1138436
Tex. Bar #24064805
clif@a2xlaw.com
**Austin W. Anderson**
Fed. ID #777114
Tex. Bar #24045189
austin@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
361.452.1279 phone
361.452.1284 fax

***Attorneys in Charge for Plaintiffs***

/s/ *Ann Hennis*
*Ann Hennis, Attorney in Charge*
Federal I.D. No. 5911
Texas Bar No. 09473550
**HARTLINE BARGER LLP**
800 N. Shoreline Blvd., Suite 2000N
Corpus Christi, Texas 78401
(361) 866-8007
(361) 866-8042 Fax
ahennis@hartlinebarger.com

James P. McInerny
Federal I.D. No. 9138
Texas Bar No. 13678700
**HARTLINE BARGER LLP**
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
713-759-1990 Main
713-652-2419 Fax
jmcinerny@hartlinebarger.com

**Attorneys for Defendants, Gracia Mexican Kitchen, LLC, David Martinez, and Pasta Company, Ltd.**

/s/ *Ronald A. Simank*
Ronald A. Simank
State Bar No. 18359400
S.D.O.T. No. 0359
rsimank@cctxlaw.com
**SCHAUER & SIMANK, P.C.**
615 North Upper Broadway Street, Suite 700
Corpus Christi, TX 78401
(361) 884-2800 Telephone
(361) 884-2822 Facsimile

**Attorneys for Defendant, Adrian Hembree**

/s/ *Matthew L. Hoeg*
Matthew L. Hoeg**, Pro Se**
State Bar No. 09772880
S.D. No. 725924
8208 Westpark Drive
Houston, TX 77063
Ofc: 713-785-4646
Fax: 713-785-5237
mhoeg@crssolutions.com

10

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Clif Alexander*
Clif Alexander
